UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RAYMOND J. COCKERHAM, JR. (#364734)

VERSUS                                              CIVIL ACTION

WARDEN DARREL VANNOY, ET AL.                        NUMBER 15-630-JWD-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 13, 2015.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND J. COCKERHAM, JR. (#364734)

VERSUS                                              CIVIL ACTION

WARDEN DARREL VANNOY, ET AL.                        NUMBER 15-630-JWD-SCR

**MAGISTRATE JUDGE'S REPORT**

*Pro se* plaintiff, an inmate confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Darrel Vannoy and Officers Mona Jackson and Cherryl Washington.  Plaintiff alleged that Officer Jackson, who is assigned to the vocational-technical school at DCI, shows favoritism and employs discriminatory practices against inmates based upon their race and other factors.

I. Applicable Law and Analysis

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> ©) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The Court must accept as true the plaintiff's allegations and may not dismiss the Complaint for failure to state a claim unless

it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F.2d 759 (5th Cir. 1984).

In an action proceeding under § 1915, the Court may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by

complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.* at 97. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003). A court can dismiss a case prior to service on the defendants for failure to state a claim, predicated on a failure to exhaust, if the Complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

Plaintiff alleged in an Addendum to his Complaint that he submitted an Administrative Remedy Procedure ("ARP") request to prison officials regarding the claims raised in the Complaint prior to filing it.[1] Plaintiff alleged that his ARP was rejected because it included "multiple issues" in violation of prison rules.[2] Plaintiff alleged that, instead of re-submitting his ARP in proper

---

[1] R. Doc. 1, p. 6.

[2] *Id.*, p. 7.

form, he requested that the rejection be reconsidered by submitting a "Request for Warden's Review" to DCI Warden Vannoy on August 24, 2015.[3]  Plaintiff alleged that, as of the date of filing of his Complaint, September 17, 2015, he had not received a response to his Request for Warden's Review.[4]

In accordance with the Adult Administrative Remedy Procedure, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought.[5]  The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected.[6]  A request may be rejected if it "request[s] a remedy for more than one incident (a multiple complaint)."[7]  The warden shall respond to the inmate within 40 days from the date the request is received at the First Step.[8]  An inmate who is dissatisfied with the First Step Response may appeal to the Secretary of the Department of Public Safety and Corrections by so indicating in the appropriate space on the response form and forwarding it to the ARP screening officer within

---

[3] *Id.*

[4] *Id.*

[5] La. Admin. Code tit. 22, pt. I § 325(G)(1)(a).

[6] *Id.* at § 325(I)(1)(a).

[7] *Id.* at § 325(I)(1)(a)(ii)(g).

[8] *Id.* at § 325(J)(1)(a).

4

5 days of receipt of the decision.[9]  A final decision will be made by the Secretary within 45 days of receipt.[10]

Under the Fifth Circuit's strict approach to the Prison Litigation Reform Act's exhaustion requirement, mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion.  *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

It is apparent on the face of the Complaint that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the Complaint prior to filing suit, as required by 42 U.S.C. § 1997e(a).  Plaintiff's ARP was rejected at the First Step of the administrative process as being procedurally deficient because he complained of "multiple issues," and the plaintiff did not correct the deficiency by re-submitting his ARP in proper form.  Plaintiff's substantive claims were not administratively addressed or exhausted at either the First or the Second Step of the administrative process.

Plaintiff's Complaint should be dismissed, without prejudice, for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), but with prejudice to refiling the same claim or claims *in forma pauperis*.

---

[9] *Id.* at § 325(J)(1)(b)(1).

[10] *Id.* at § 325(J)(1)(b)(2).

RECOMMENDATION

It is the recommendation of the Magistrate Judge that plaintiff's Complaint be dismissed, without prejudice, for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), but with prejudice to re-filing the same claim or claims *in forma pauperis*.[11]

Baton Rouge, Louisiana, November 13, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[11] *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998).